Bill A. Shirron Executive Director Teacher Retirement System Education Building West #3 State Capitol Mall Little Rock, AR 72201
Dear Mr. Shirron:
This is in response to your request for an opinion regarding the disbursement of contributions in the System when a member of the System is a party to a divorce and the member's ex-spouse is awarded one-half of the contributions up to a particular date. You note that Attorney General Opinion Number 86-513 (copy attached) addressed this subject, and you have asked for clarification of that opinion with respect to the disbursement of funds. You have asked, specifically, whether a lump sum distribution or monthly annuity must be paid to the member only, or whether the member can waive his or her right to the ex-spouse's portion and direct the System to make payments directly to the ex-spouse.
As noted in Opinion No. 86-513, Ark. Stat. Ann. 80-1442 (9.14(1)), now codified as A.C.A. 24-7-715(a) prevents the payment of contributions to a party other than the member by assignment or by any process of law. Section 24-7-715(a) states in pertinent part that the right of a person to an annuity, to the return of accumulated contributions, and any other rights accrued under the retirement laws "shall be unassignable, except as specifically provided in this act." The term "assignability" is defined in Black's Law Dictionary, Fifth Edition, p. 108, as the "(q)uality or legal attribute which permits a thing to be transferred or negotiated." An "assignment" is "(a) transfer or making over to another of the whole of any property . . . or of any estate or right therein." Id. at 109.
It is my opinion that a member's waiver of his or her right to a portion of the contributions or annuity, with written direction that payments are to be made directly to the ex-spouse, would constitute an impermissible assignment under A.C.A. 24-7-715(a).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
OPINION NO. 86-513 (attached to 88-229)
October 9, 1986
Winfred S. Clardy, Executive Director Teacher Retirement System Education Building West #3 State Capitol Mall Little Rock, Arkansas 72201
Dear Mr. Clardy:
This letter is in response to your request for an opinion as to the disbursement of contributions in the system when a member of the system is a party to a divorce and is awarded one-half of the member's contributions in the system up to a particular date agreed upon by the two parties. Your specific questions are:
 1. Under Ark. Stat. Ann. 80-1443, 9.14 (a), (b), and (c), as long as the member has neither terminated employment in a covered position or retired, does the Teacher Retirement System have to disburse the contributions awarded in the divorce decree?
 2. If the answer to question #1 is no, and the receiving party must wait until termination or retirement, what process should be used in disbursing the funds? (If the member terminates, a lump sum disbursement would ordinarily be made to the member. If the member retired, monthly benefits are paid.)
 3. If the answer to question #1 is yes, by what method do we credit the member's deposit account with both the remaining contributions and service credit?
 4. If the answer to question #3 is that the remaining contributions and service credit will be credited to the member's account according to the proportion of contributions awarded in the divorce decree, may the member repay the amount disbursed and restore full contributions and service credit?
In addition to the information supplied in your letter, we understand that the system has not been made a party to the divorce action or otherwise been subjected to the jurisdiction of the applicable court.
In response to your first question, it appears that a member who has neither terminated employment nor retired is not entitled to receive his/her contributions from the system. It further appears that the intent of Ark. Stat. Ann. 80-1443 (9.14(a)) is to prevent the contributions from being paid to a party other than the member by assignment or by any process of law. Consequently, although there may be an agreement by the member to give a portion of contributions to a spouse as part of a divorce decree, the spouse cannot use an assignment or process of the court to compel payment from the system for an active member's contributions because same is not payable until retirement or termination of employment.
In response to your second question, it appears that the system must pay the contributions, annuity or other applicable payment to the member. Ark. Stat. Ann. 80-1443 (9.14(a)) precludes payment to an assignee or other person pursuant to some process of a court. Of course, if the system were served with process, it would be obligated to respond and plead this statute as a defense.
Because the response to your first question is negative, no response to questions 3 and 4 is appropriate.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Thomas S. Gay.